Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| RUBÉN SANTOS RODRÍGUEZ<br><br>Peticionario<br><br>v.<br><br>OFICINA DE PLANIFICACIÓN MUNICIPAL (OPM) DE VIEQUES<br><br>Recurrido | KLAN202300957 | Apelación acogida como *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Caso Núm. CE2023CV00107<br><br>Sobre:<br>Ley de Transparencia y Procedimiento Expedito para Acceso a la Información Pública (Ley Núm. 141-2019) |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

I.

El 11 de octubre de 2023, el Sr. Rubén Santos Rodríguez presentó por derecho propio ante el Tribunal de Primera Instancia, *Recurso Especial de Revisión Judicial para el Acceso a Información Pública.* Planteó que, el 6 de octubre de 2023, le solicitó a la Oficina de Planificación Municipal de Vieques copia de todos los documentos que obraban en el Registro de Solares de dicha municipalidad y que, su solicitud fue denegada. Ante ello, acudió al Foro primario para que este, le ordenara a la Oficina de Planificación Municipal entregar la información o en la alternativa, que le proveyera acceso.

El 12 de octubre de 2023, el Tribunal de Primera Instancia emitió *Orden* concediéndole veinte (20) días al señor Santos

Número Identificador

SEN2023_____

Rodríguez para que anunciara representación legal. Posteriormente, el 19 de octubre de 2023, el señor Santos Rodríguez instó escrito intitulado, *Moción Rogativa Cumplimiento de Ley.* Sostuvo que su petición estaba dirigida a obtener acceso a documentos públicos asociados a su familia al amparo la Ley Núm. 141 de 1 de agosto de 2019, según enmendada, *Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública.*[1] Arguyó que, el Artículo 9 de la Ley Núm. 141-2019,[2] proveía para que cualquier persona llevara por derecho propio un Recurso Especial de Acceso a Información Pública.

En la misma fecha, el Foro primario emitió nuevamente una *Orden* indicando, "*cumpla con la Orden del Tribunal y anuncie Representación Legal en el término provisto*". Por su parte, el 23 de octubre de 2023, el señor Santos Rodríguez presentó *Moción Informativa*, notificando la dirección de correo electrónico de la Oficina de Planificación Municipal de Vieques para que le remitieran todas las notificaciones relacionadas al presente caso. A dicha *Moción*, el Foro *a quo* expresó, "nada que proveer" y nuevamente le ordenó al señor Santos Rodríguez que anunciara representación legal en el término provisto.

En desacuerdo, el 27 de octubre de 2023, el señor Santos Rodríguez acudió ante nuestra consideración por derecho propio mediante *Apelación Civil.*[3] En su *Recurso*, sostiene que desea impugnar las Órdenes emitidas por el Foro primario, fundado en que, se le denegó su derecho a tener acceso a la información solicitada y, que, para llevar su recurso no es necesario estar asistido por un representante legal. Arguye que, el Artículo 9 de la

---

[1] 3 LPRA § 9911 *et seq.*
[2] Íd., § 9919.
[3] Evaluada la *Apelación Civil*, la acogemos como un *Certiorari.* Debido a que el señor Santos Rodríguez recurre ante nuestra consideración de una *Orden.* Sin embargo, para fines administrativos, mantenemos la numeración alfanumérica del presente recurso.

Ley Núm. 141-2019 le permite presentar su recurso por derecho propio.

En virtud de la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, prescindiremos de todo trámite ulterior, expedimos el Auto de *Certiorari* y *revocamos* la determinación recurrida.[4]

II.

En nuestro ordenamiento jurídico, se reconoce el derecho al acceso a la información pública como corolario del derecho a la libertad de palabra, prensa y asociación.[5] Este derecho "se ancla en la idea de que todas las personas están legitimadas a saber y a conocer de los asuntos gubernamentales".[6] Esto, promueve la transparencia en la función gubernamental, estimulando, así, la sana administración pública.[7]

Se ha resuelto que, "para poder reconocer el derecho de acceso a la información pública, es necesario que lo solicitado pueda clasificarse como un documento público".[8] Cónsono con ello, se ha reconocido que "un documento público es el que un organismo estatal recibe en el curso de sus procedimientos y que está obligado a preservar".[9] Así que, una vez un documento cae bajo alguna de estas definiciones, el ciudadano común tiene derecho a solicitar acceso a la información.[10] No obstante, se reconoce, a su vez, que este derecho no es absoluto y debe ceder en casos de imperativo

---

[4] La Regla 7(B)(5) dispone:
El Tribunal de Apelaciones tendrá la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a los ciudadanos. 4 LPRA Ap. XXII-B, R.7(5).
[5] Art. II, Sec. 4, Const. ELA, LPRA, Tomo 1; *Kilómetro 0* v. *Pesquera López, et al.,* 207 DPR 200, 207 (2021); *Trans Ad de P.R.* v. *Junta de Subastas,* 174 DPR 56, 67 (2008); *Ortiz* v. *Dir. Adm. de los Tribunales,* 152 DPR 161 (2000); *Soto* v. *Srio. de Justicia,* 112 DPR 477, 485-486 (1982).
[6] *Kilómetro 0,* 207 DPR, págs. 207-208, citando a E. Rivera Ramos, *La libertad de información: Necesidad de su Reglamentación en Puerto Rico,* 44 Rev. Jur. UPR 67, 67-68 (1975).
[7] Íd.; *Bhatia Gautier v. Gobernador,* 199 DPR 59, 80-81 (2017).
[8] *Acevedo Hernández, Ex parte,* 191 DPR 410 (2014).
[9] *Kilómetro 0,* 207 DPR, pág. 209, citando a *Trans Ad de P.R.,* 174 DPR, pág. 69.
[10] Íd., citando a *Ortiz,* 152 DPR, pág. 176.

interés público.[11]

Con el propósito de establecer política pública sobre el acceso a la información pública se creó la Ley Núm. 141 de 1 de agosto de 2019, según enmendada, *Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública*. Su finalidad principal es ordenar, organizar y pautar mecanismos procesales sencillos, ágiles y económicos de acceso real a los documentos e información pública; consignar principios e instrumentos de garantía al acceso; ordenar la designación de Oficiales de Información en cada entidad gubernamental; y para otros fines relacionados.[12]

La Ley Núm. 141-2019, exige que los procesos para solicitar la información sean rígidos para su cumplimiento. Por ello, requiere que, la información pública sea entregada en el menor tiempo posible o de inmediato si existe. Además, la Ley Núm. 141-2019 dispone que "[d]enegar este derecho amerita una explicación legal y un proceso expedito y gratis ante un tribunal para cuestionar la actuación gubernamental [...]" y que "[l]os tribunales también deben resolver estas controversias de forma expedita".[13]

En lo pertinente a la controversia ante nuestra consideración, el Artículo 9 de la Ley Núm. 141-2019,[14] dispone los siguiente:

> [C]ualquier persona a la cual una entidad gubernamental le haya notificado su determinación de no entregar la información solicitada o que no haya hecho entrega de la información dentro del término establecido o su prórroga, **tendrá derecho a presentar, por derecho propio o a través de su representación legal, ante la sala del Tribunal de Primera Instancia de la Región Judicial donde reside, un Recurso Especial de Acceso a Información Pública**. Para la radicación del recurso, la Rama Judicial deberá crear y tener disponible al público un formato simple para cumplimentar. La radicación del recurso no conllevará la cancelación de sellos ni aranceles. **De igual forma, salvo circunstancias extraordinarias específicamente fundamentadas no se le requerirá a**

---

[11] *López Vives* v. *Policía de Puerto Rico*, 118 DPR 219 (1987).
[12] *Exposición de Motivos* de la Ley Núm. 141-2019,
[13] Íd.
[14] 3 LPRA § 9919.

**ningún ciudadano la contratación de un abogado para poder radicar el recurso y no se le podrá impedir tramitar su caso por derecho propio.** Se le recomienda al Tribunal Supremo establecer un proceso aleatorio para seleccionar los jueces que atenderán estos casos.

[...].[15]

III.

El señor Rodríguez Santos acude ante nuestra consideración y alega que erró el Foro *a quo* al no atender su *Recurso Especial de Revisión Judicial para el Acceso a Información Pública* y en su lugar, ordenarle que anunciara su representación legal. Sostiene que la Ley Núm. 141-2019, le permite llevar un *Recurso Especial de Revisión Judicial* por derecho propio. Le asiste razón.

Del Artículo 9 de la Ley Núm. 141-2019 se desprende que, cualquier persona puede llevar por derecho propio dicho recurso y que, salvo **circunstancias extraordinarias específicamente fundamentadas** no se le requerirá a ningún ciudadano la contratación de representación legal. Así que, analizado el presente recurso concluimos que, erró el Foro primario al exigirle al señor Rodríguez Santos que anunciara su representación legal. Ello no es consecuente con la Ley Núm. 141-2019, que provee para que cualquier ciudadano presente su recurso por derecho propio.

A la luz de lo antes expuesto y no habiendo mediado circunstancias extraordinarias, el Tribunal de Primera Instancia no puede negarse a atender un recurso por el hecho de que la persona decidió acudir de manera *pro se*. Procede revocar la determinación impugnada y, en consecuencia, ordenamos al Tribunal de Primera Instancia que resuelva en los méritos el *Recurso Especial de Revisión Judicial.*

IV.

Por los fundamentos anteriormente esbozados, *expedimos* el Auto de *Certiorari* y *revocamos* la *Resolución* recurrida. Ordenamos

---

[15] Énfasis nuestro.

al Tribunal de Primera Instancia que resuelva en los méritos el *Recurso Especial de Revisión Judicial*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones